■ In the Matter of JAMIE C. and Others, Children Alleged to be Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA C. et al., Appellants. [620 NYS2d 187] —Per Curiam. Appeal from an order of the Family Court of Broome County (Ray, J.), entered October 12, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and/or neglected.

Following a hearing on a child abuse and neglect petition, respondent James D. (hereinafter the father) was found to have sexually and physically abused his daughter, Jamie C. and to have neglected her and her three younger brothers. Respondent Barbara C. (hereinafter the mother) was found to have sexually abused Jamie and to have neglected all four children. Both parents appeal from Family Court's order.

We agree with the mother that the finding of her sexual

abuse of Jamie is not supported by a preponderance of the evidence. Petitioner presented a written statement which was signed by Jamie after it had been prepared by State Police Investigator David Harding. The statement detailed numerous incidents of sexual abuse by the father and one incident of sexual abuse by the mother. A clinical therapist also testified that on two occasions Jamie told her that her mother had touched her in the vaginal area. Jamie's out-of-court statements are insufficient to support a finding of abuse in the absence of "other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]; *see, Matter of Nicole V.,* 71 NY2d 112). There is no such "other evidence" in this record. To the contrary, the fact that Harding was subsequently convicted of several crimes, including perjury, suggests that his testimony and the statement prepared by him are of little probative value. At least one of Jamie's statements to the therapist appears to have been prompted by the therapist reading the Harding-prepared statement to Jamie. Most important, however, is the sworn testimony of Jamie at the hearing. She testified to incidents when her father touched "her private parts", but that her mother never touched "her private parts". The evidence does not support the finding of the mother's sexual abuse.

We reach a contrary conclusion as to the findings of the father's sexual and physical abuse of Jamie and both parents' neglect of their children. Jamie testified under oath regarding several incidents of her father's sexual and physical abuse. Family Court found Jamie's testimony "to be highly credible". The testimony of the therapist, a child protective worker and a school guidance counsellor established that Jamie had previously made statements consistent with her testimony about her father's abuse. As to the issue of neglect, there is considerable evidence in the record concerning both parents' pattern of repeated alcohol abuse, often accompanied by the father's violent and abusive behavior. The mother made no effort to prevent the abusive behavior. We see no basis to disturb Family Court's findings regarding the parents' neglect and the father's abuse of Jamie.

The mother also contends that Family Court erred in allowing Harding to testify, but in view of our treatment of Harding's testimony in reviewing the sufficiency of the evidence, we see no need to address the issue. The remaining arguments raised by the father in his challenge to the sufficiency of the evidence have been considered and are either unpreserved for our review or meritless. Family Court's order should be modi-

fied to delete the adjudication of sexual abuse as to the mother.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found Jamie C. abused by respondent Barbara C.; petition against said respondent dismissed to that extent; and, as so modified, affirmed.